## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS – FT. WORTH DIVISION

| | | |
|---|---|---|
| **POT OF GOLD ENTERTAINMENT, LLC,** | § | |
| **MEACHEM TOBACCO INC.** | § | |
| **d/b/a CLOUD DREAMS,** | § | |
| **EDEN FOOD MART, INC.,** | § | **CAUSE NO.** |
| **MRJ FOOD STORE, INC.,** | § | _____ |
| **SAMEERAQ, INC.** | § | |
| **d/b/a MILLER GROCERY & GRILL GAME ROOM** | § | |
| *Plaintiffs*, | § | |
| **v.** | § | |
| | § | **JURY TRIAL** |
| **THE CITY OF FORT WORTH,** | § | **REQUESTED** |
| *Defendant*. | § | |
| | § | |

### PLAINTIFFS' VERIFIED ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

Plaintiffs Pot of Gold Entertainment, LLC ("POG"), Meachem Tobacco Inc., Eden Food Mart, Inc., MRJ Food Store, Inc., and Sameeraq, Inc. file this *Verified Original Complaint and Application for Preliminary Injunction, and Permanent Injunction* against the City of Fort Worth for takings and violations of due process under the United States Constitution and Texas Constitution, as well as violations of the Contract Clause of the United States Constitution.

**SUMMARIZING**: Plaintiffs have operated game rooms that, until recently, were lawful. Plaintiffs have protected interests in their game room operations, and leases for their buildings and for their game machines. The City of Fort Worth ("the City") has decided it no longer wants to permit game rooms and has passed Ordinance No. 27381-12-2024 ("the Ordinance"). The City has informed Plaintiffs that they must close by March 17, 2024. This Ordinance and attendant actions effectively shut down Plaintiffs and put their game rooms out of business as there is no grace period and no options for mitigation, and certainly no compensation. The Ordinance is a taking, without compensation and without due process, of Plaintiffs' game rooms and violates Plaintiffs' lease contracts. Further, Tex. Local Gov't Code § 211.019(d) applies in this case.

## I.     PARTIES

1.      Plaintiff Pot of Gold Entertainment, LLC is a Texas limited liability company located at 5125 Sun Valley Drive, FW, TX 76119, and may be served through the undersigned.

2.      Plaintiff Meachem Tobacco, Inc. is a Texas corporation headquartered at 1237 Southridge Ct Ste 207, Hurst, TX76053-4305 and may be served through the undersigned.

3.      Plaintiff Eden Food Mart, Inc. is a Texas corporation headquartered at P.O. Box 153084, Arlington, TX 76015-9084, and may be served through the undersigned.

4.      Plaintiff MRJ Food Store, Inc. is a Texas corporation headquartered at 2502 Refugio Fort Worth, TX 76164, and may be served through the undersigned.

5.      Plaintiff Sameeraq, Inc. is a Texas corporation headquartered at 13 Devon Ct, Mansfield, TX 76063, and may be served through the undersigned.

6.      Defendant City of Fort Worth is a home rule municipal corporation existing under the laws of the State of Texas and the Charter of the City of Fort Worth, located in Tarrant County, Texas. It may be served pursuant to Fed. R. Civ. P. 4(j)(2) by service on its chief executive office, Mayor Mattie Parker, by service of process to the Office of the City Secretary at 100 Fort Worth Trail, Fort Worth, TX 76102.

## II.     JURISDICTION

7.      This Court has subject matter jurisdiction based on federal law and the United States Constitution. 28 U.S.C. § 1331. This Court also has personal jurisdiction over the Defendant because it resides in the Northern District.

## III.     VENUE

8.      Venue is proper in the Northern District of Texas division because the events giving rise to the action in this suit occurred in the Northern District, which is also where all parties are domiciled.

## IV.   CONDITIONS PRECEDENT

9.      Plaintiffs satisfied all the precedent conditions before filing this complaint.

## V.   FACTUAL BACKGROUND

### A.  Plaintiffs operated a legal business in which they have a protected interest.

10.     All of the Plaintiffs operated legal businesses for years. All of the Plaintiffs to this action operate in whole or in part as "game rooms" in which a player pays to play an entertainment machines where a player can win money or minor things of value.

11.     When Plaintiffs first began operation, the City of Fort Worth recognized that they could operate legally. In late 2019, Tarrant County adopted Tarrant County Game Room regulations ("Regulations") to standardize licensure. Those regulations became effective April 1, 2020, by way of interlocal agreement with Tarrant County. *See* Exh. 1.

12.     In their operation, the City of Fort Worth provided a certificate of occupancy to the business and licensed each of the machines operated by each Plaintiff, as part of the regulations and codes it enforced. *See* Exh. 4.

13.     Encouraged by the City, Plaintiffs invested funds and purchased machines for this purpose and participated in the City's licensing process. *See* Exh. 1-4.

14.     Plaintiffs have licenses issued by the City specifically allowing legal operation of each of their machines until various expiration dates in March 2025, or a few months after.  Exh. 1-4.

15.     Plaintiffs have ongoing lease agreements for their buildings that contain the game room operations. Exh. 1-4.

### B.  The Texas Supreme Court and the Court of Appeals changed game room law.

16.     Up until 2020, there were several recognized exceptions to the Texas gambling statutes. These included the "fuzzy animal exception," which was a prize-based exception to allow games of skill or chance if there was a cheap prize. Additionally, the test for whether a game was

considered a lottery, pure game of chance, or a game of skill, which were allowed, was more lenient. However, the Texas Supreme Court issued a ruling in 2020 that declined to conclude whether 8-liner game machines fell under the games of chance exception or were unconstitutional. *See City of Fort Worth v. Rylie*, 602 S.W.3d 459, 462 (Tex. 2020); Exh. 1.

17.      The Court of Appeals in Fort Worth then followed up on this ruling with its own: the fuzzy animal exception was an extra-constitutional exception such that game rooms in their current form are completely unconstitutional. *City of Fort Worth v. Rylie*, 649 S.W.3d 246, 258 (Tex. App.— Fort Worth 2022, pet. denied). The only game rooms still allowed under this ruling in any form other than a carnival booth are bingo halls. *See* Exh. 1.

## C. Fort Worth changes its regulations and enforcement of game rooms.

18.      Piggybacking off of the new regulations, Fort Worth determined in December 2024 that this was the time to get rid of game rooms once and for all. It passed Ordinance No. 27381-12-2024, which removed the regulations for licensing game rooms entirely. When it comes into effect, Ordinance No. 27381-12-2024 will completely bar all game rooms within the City of Fort Worth. The text of the ordinance provides no grace period for game rooms to finish the terms of their licenses, change business model, or otherwise mitigate the impact that these regulatory changes have had. Nor did the City offer compensation for shutting down the game rooms, which all resulted in this suit.  *See* Exh. 1-2.

## D. Fort Worth is ignoring its own licenses and shutting down Plaintiffs' game rooms.

19.      Relevant to this action, the City of Fort Worth has announced it will not honor its previous licensing but will instead enforce the new Ordinance efforts against the Plaintiffs. *See* Exh. 1.

20.      Plaintiff Pot of Gold has operated a game room since 2018 under the relevant permits required by the City of Fort Worth and Tarrant County. While under Permit No. COIN-

OPERATED_8558 ("'8558 Permit"), POG operated legally and made every attempt to comply with the Regulations. *See* Exh. 1.[1]

21.     Similarly, all plaintiffs operated legally for years prior to the new Ordinance. Exh. 1-4.

22.     The City of Fort Worth has a practice of at least providing notice of new ordinances and has stated that it will begin enforcement of the Ordinance on March 17, 2025. *See* Exh. 1-2.

## VI.    CAUSES OF ACTION

23.     Incorporating the above, Plaintiffs request equitable relief in the form of a preliminary injunction during the pendency of this case and a permanent injunction at final trial. Plaintiffs' Memorandum in support of their request for injunctive relief is filed contemporaneously and is incorporated here by reference. Plaintiffs ask for this Court to declare the City's actions a violation of due process and a taking under the United States and Texas Constitutions, as well as the Contract Clause of the United States Constitution and Tex. Local Gov't Code § 211.019(d), award Plaintiffs damages, and enjoin the City from closing Plaintiffs' businesses until Plaintiffs' leases expire, or if there is a material change in their business operations, or alternatively, when they have been compensated under Tex. Local Gov't Code § 211.019(d).

### A.  Violation of the protections of the United States Constitution's Contracts clause.

24.     Article I, § 10 cl. 1 of the United States Constitution states,

> "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

---

[1] Fort Worth often treats game rooms as disfavored. During its 2019 renewal process, Fort Worth mislead POG into applying for two permits, and then after they were granted, the City decided that the permits were incorrect, leading to arrests, an administrative process which the City lost, and a district court suit in which the City appealed and lost. The effort cost POG thousands of dollars in attorney fees and the City of Fort Worth resources that could not be used in legitimate enforcement efforts for two years. *See* Exh. 1.

25.     In determining whether a state has impaired a contract, courts employ a two-part test considering (1) "whether the state law has operated as a substantial impairment of a contractual relationship," and if so, (2) "whether the state law is drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose." *Ashley Sveen v. Kaye Melin*, 584 U.S. 811, 819 (2018). As a political subdivision of the state, a city is subject to the restrictions of the contracts clause. *See Tex. Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1182 (5th Cir. 1992).

    1. **The City of Fort Worth's Ordinance No. 27381-12-2024 operates as a substantial impairment of Plaintiffs' contractual relationships.**

26.     Incorporating the above, each Plaintiff has an existing contract, with which the City of Fort Worth's action interferes. Plaintiffs have lease agreements for their premises and for their game machines. *See* Exh. 1-2.

27.     The City of Fort Worth's ordinance substantially interferes with Plaintiffs' contracts. Plaintiffs' contracts for machines are completely useless because it is now criminal in Fort Worth to possess a gambling machine for commercial purposes. If not for Defendants actions, Plaintiffs would all continue to lease their game machines as they have for the previous years. Further, the lease that Plaintiffs' have for their premises is rendered virtually pointless because the premises are constructed to operate as game rooms. It will take substantial investments to change the internal structure to make the premises suitable for some other type of business. *See* Exh. 1-4.

    2. **The City of Fort Worth's Ordinance No. 27381-12-2024 is not drawn up in an appropriate and reasonable way to advance the purported significant and legitimate public purpose.**

28.     City of Fort Worth's Ordinance No. 27381-12-2024 is a blanket ban on game rooms that does not provide compensation, or any sort of prior notice or opportunity for hearing, even though the game rooms have lawfully operated previously. There are no provisions to allow a grace period for the game rooms to change business model or otherwise mitigate the massive impact that these

regulatory changes will have. The City of Fort Worth could have easily included such provisions, but the Ordinance is not drawn up in an appropriate or reasonable way. *See* Exh. 1-2.

29.    The City of Fort Worth's public purpose in its Ordinance No. 27381-12-2024 is "to prohibit game rooms and amusement redemption machines from operating in the City" without offering any compensation or grace period or means to mitigate the effects of the regulatory change. This is not an appropriate and reasonable way to advance the City's significant and legitimate public purposes. The City should have drawn up an Ordinance to allow the Game rooms to finish the leases on their machines and spaces or include compensation for forcing them to shut down with leases still incomplete. *See* Exh. 1-2.

30.    The City of Fort Worth significantly impaired Plaintiffs' contracts regarding their game machines and the leases for their game rooms. *See id. See also United Healthcare Ins. Co. v. Davis*, 602 F.3d 618, 627 (5th Cir. 2010); Exh. 1-2.

### B. The City of Fort Worth, by enacting and applying Ordinance No. 27381-12-2024, violates the Fifth Amendment's Takings Clause.

31.    By enacting and applying the Ordinance, the City of Fort Worth is using its regulations to deprive the Plaintiffs of all economically beneficial uses of their game machines and storefront locations without compensation. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005); *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 107, 98 S. Ct. 2646, 2650 (1978).

32.    The City cannot blanket ban Plaintiffs' game room businesses and machines, depriving them of all economic uses of their machines and locations, without a grace period, mitigation options, or compensation. *See id. See also Houston v. Jas. K. Dobbs Co.*, 232 F.2d 428, 430 (5th Cir. 1956).

33.    Using Ordinance No. 27381-12-2024, the City's actions are a taking of Plaintiffs' game room operations, including the related property and game machines, without compensation and

thus violate Plaintiffs' rights under the Fifth Amended of the United States Constitution. *See id.*
*See* Exh. 1-4.

**C. The City of Fort Worth, by enacting and applying Ordinance No. 27381-12-2024, violates Plaintiffs' constitutionally protected right to procedural due process.**

34.    Incorporating the above, the City of Fort Worth cannot use the Ordinance to ban Plaintiffs'
business without due process. *Houston*, 232 F.2d at 430; *Mathews v. Eldridge*, 424 U.S. 319, 96
(1976); *See Bennett v. Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)(Actions of officers or employees
of a municipality do not render the municipality liable under § 1983 unless they execute official
policy, such as an ordinance); *Matthias v. Bingley*, 906 F.2d 1047, 1051 (5th Cir. 1990); *Nobby*
*Lobby, Inc. v. Dallas*, 767 F. Supp. 801, 811 (N.D. Tex. 1991).

35.    Because of the previous regulatory history between the parties, the lack of mitigation or
grace period options for current game room operations, and the lack of notice and comment
opportunity before being shut down, as applied, the City is depriving Plaintiffs of their property
interests without adequate procedural protections. *See id. See* Exh. 1-4. By executing the official
policy in Ordinance No. 27381-12-2024, the City of Fort Worth violates Plaintiffs' rights under
the Fourteenth Amendment of the United States Constitution. *See Bennett*, 735 F.2d at 862. *See*
Exh. 1-4.

**D. Defendant City of Fort Worth violates the protection of the Texas Constitution's Article 1, Section 19.**

36.    Incorporating the above, the Ordinance conflicts with the guarantees of due process
protected by the Texas Constitution Article 1 § 19. Specifically, the ordinance is more prohibitive
in character than regulatory as it renders it impossible for game rooms to operate anywhere in the
city and provides no grace period or options to mitigate the impact of compliance. The Ordinance
should be declared void as a violation of due process because it is depriving these game room
operators from using their property and prohibits business previously recognized and licensed by

state law without adequate compensation or notice and opportunity to be heard. *See Murphy v. Wright*, 115 S.W.2d 448, 452 (Tex. Civ. App.—Fort Worth 1938, no writ); *Allen v. Corpus Christi*, 247 S.W.2d 130, 131 (Tex. Civ. App.—San Antonio 1952), aff'd, 254 S.W.2d 759 (Tex. 1953)(To order a prior existing non-conforming business to move or go out of business is unreasonable and would be taking a person's property without due process of law and without compensation, in violation of the State Constitution, § 17 of Art. 1.); *State Bank of Omaha v. Means*, 746 S.W.2d 269, 272 (Tex. App.—Texarkana 1988, writ denied). *See* Exh. 1-4.

37.     In this case, Ordinance No. 27381-12-2024 violates Plaintiffs' rights under Article 1 Section 19 of the Texas Constitution as it is prohibitive and an arbitrary exercise of power. *Id.* Further, as applied, it violates Plaintiffs' due process rights as it deprives Plaintiffs of their game rooms without adequate notice and opportunity to be heard. *See* Exh. 1-4. *Id.*

### E. Defendant City of Fort Worth violates the protections of the Texas Constitution's Taking Clause.

38.     Incorporating the above, on its face and as applied, the Ordinance orders existing non-conforming business to end operations. This is unreasonable and a taking of a person's property without compensation in violation of the Texas Constitution Article 1 § 17. *See Allen,* 247 S.W.2d at 131; *Means*, 746 S.W.2d at 272. *See* Exh. 1-4.

### F. Declaration that the City of Fort Worth's Ordinance and actions violate the United States and Texas Constitutions.

39.     "Any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Neese v. Becerra*, 640 F. Supp. 3d 668, 685 (N.D. Tex. 2022) *citing* 28 U.S.C. § 2201(a). "Any such declaration shall have the force and effect of a final judgment or decree ...." *Id.*

40.     Plaintiffs ask for a declaratory judgment declaring the City's Ordinance No. 27381-12-2024 and the City's actions described herein violate the Contract Clause, Taking Clause, and Due Process Clause of the United States Constitution, and Article 1 Sections 17 and 19 of the Texas Constitution, as well as whether further relief could be sought, such as attorney's fees, costs, or other damages. Exh. 1-4.

**G. The City of Fort Worth must compensate Plaintiffs pursuant to Texas Local Gov't Code § 211.019(d).**

46.     According to Sec. 211.019(d) of the Texas Local Government Code, a municipality that adopts or changes a zoning regulation must compensate lessees to stop nonconforming use of property or allow the lessee to continue the nonconforming use until the lessee recovers the amount they would be paid to stop the use, including expenses related to demolition, relocation, or termination of a lease, and an amount equal to the greater of the diminution of the market value of the property. *See* Tex. Local Gov't Code § 211.019(d).

47.     Section (q) of § 211.019 waives municipal immunity and governmental immunity.

48.     In this case, Defendant adopted an ordinance to ban game rooms that were previously lawful. Exh. 1-4. Now, the City orders Plaintiffs to cease their now nonconforming businesses without compensation. Exh. 1-4. The City has not complied with § 211.019(d) because it has not paid Plaintiffs' compensation to stop the nonconforming use or allow Plaintiffs to continue until the City pays for the loss attribute to ceasing the businesses. Exh. 1-4.

49.     For the City to follow Tex. Local Gov't Code § 211.019(d), the City must compensate Plaintiffs for the closing their game room businesses, or the City must allow Plaintiffs to operate their business until they have been compensated by the City of Fort Worth for closing their businesses. *See* Tex. Local Gov't Code § 211.019(d); Exh. 1-4.

## VII.    APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

41.    Incorporating the above and simultaneously filed Plaintiffs' Application for and Memorandum for Injunctive Relief, Plaintiffs seek this Court to issue a preliminary injunction against Defendant, and after final trial on the merits, a permanent injunction.

## VIII.    PRE- AND POST-JUDGMENT INTEREST

42.    Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the maximum rate allowed by law.

## IX.    DEMAND FOR JURY TRIAL

43.    Plaintiffs demands a trial by jury.

## X.    EVIDENCE

44.    The Declarations of Kevin Allee, Ibrahim Ghail, Kamal Hanouli, and Azmi Elqutob are attached and incorporated by reference.

## XI.    PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully prays that the Defendant be cited to appear and answer, and that Plaintiffs have the following relief:

   a.  Void Ordinance No. 27381-12-2024.
   b.  A preliminary injunction against the City of Fort Worth, and on final trial a final judgment be entered in favor of Plaintiffs, permanently enjoining City of Fort Worth and its agents from interfering with Plaintiffs' operations until their leases expire, or if there is a material change in their business operations, or alternatively, when they pay compensation.
   c.  Declaratory relief declaring the rights of the parties, awarding Plaintiffs its costs, attorney's fees, and any other relief, whether legal or equitable to which they may be entitled.
   d.  Just compensation under the 5th Amendment of the United States Constitution;
   e.  Adequate compensation under Article 1 § 17 of the Texas State Constitution;
   f.  All damages available under 42 U.S.C. § 1983;
   g.  Compensation under Tex. Local Gov't Code § 211.019(d);
   h.  Prejudgment and post judgment interest as provided by law;
   i.  Court costs;
   j.  All other just and lawful relief in law and equity, general and specific, to which the Plaintiffs may be duly and justly entitled.

Respectfully submitted this February 24, 2025,

*/s/Warren V. Norred*
Warren V. Norred, TBN 24045094, warren@norredlaw.com
Solomon G. Norred, TBN 24138007, sgn@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
*Counsel for Plaintiffs*

## ATTACHMENTS:
Exhibit 1 – Declaration of Kevin Allee
      Exhibit 1-1 – Letter from City of Fort Worth
      Exhibit 1-2 – Pot of Gold Lease
Exhibit 2 – Declarations of Ibrahim Ghali
      Exhibit 2-1 – Declaration of Ibrahim Ghali regarding Fort Worth Officer
      Exhibit 2-2– Photos of Officer Salinas
      Exhibit 2-3– Letter from City of Fort Worth
      Exhibit 2-4 - Declaration of Ibrahim Ghali regarding Eden Food Mart
      Exhibit 2-5– Commercial Lease for Eden Food Mart
      Exhibit 2-6- Declaration of Ibrahim Ghali regarding MDJ Food Store
      Exhibit 2-7– Commercial Lease Agreement for MDJ Food Store
Exhibit 3 – Declaration of Kamal Hantouli
      Exhibit 3-1 – Lease for Miller Grocery & Grill Game Room
Exhibit 4 – Declaration of Azmi Elqutob
      Exhibit 4-1 – Lease for Cloud Dreams
Exhibit 5 – A sample of photos of licenses for Plaintiffs

### LOCAL RULE 7.1 CERTIFCATE of CONFERENCE
On January 30, 2025, I, Solomon Norred had a phone call with Christopher Mosley, City of Fort Worth Attorney, regarding a request for temporary restraining order against a police officer who was going to shut down Eden Food Mart, Inc. on January 31, 2025, conflicting with the letter sent by the City of Fort Worth to Plaintiffs. *See* Exh 2. We also discussed this request preliminary injunction. On January 31, 2025, Harvey Frye, City of Fort Worth Attorney, and I discussed that the officer had been corrected, making the temporary restraining order is not necessary, however Plaintiffs still request a preliminary injunction due to the impending deadline of March 17th given to plaintiffs from the City of Fort Worth to close all game rooms.

A reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed.

Therefore, it is presented to the Court for determination.

      /s/*Solomon G. Norred*
      Counsel for Plaintiffs